**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **BRANDON CALLIER,** § § § | |
| **Plaintiff,** § § | **EP-25-cv-00747-KC** |
| **v.** § § | |
| **BIOTIGEN, LLC,** a New Jersey Limited Liability Company § § § | |
| **Defendants.** § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1.      Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, resident of the Western District of Texas, and was present in El Paso County, Texas, for all texts in this case.

2.      Defendant BIOTIGEN LLC ("Biotigen" or "Defendant") is a Limited Liability Company organized and existing under the laws of New Jersey and can be served via its registered agent Universal Registered Agents, Inc., 441 Main Street, Metuchen, New Jersey 08840.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over Count I under 28 U.S.C. § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.  *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

4.      The Court has pendant jurisdiction over the Texas Business and Commerce Code claims under 28 U.S.C § 1367.

1

5.     This Court has specific personal jurisdiction over Defendant because Defendant purposefully availed itself of the State of Texas and of this District, and there is a sufficient relationship between Defendant's purposeful contacts with Texas and the litigation.

    a.   Defendant targets Texas when marketing sexual enhancement products and regularly conducts business in this District, including by telephone solicitation.

    b.   Its agents sent text messages to Plaintiff's El Paso, Texas area phone number with area code 915 to generate leads for Defendants.

    c.   The purposeful text messages to Texas injured Plaintiff in Texas, creating a causal link between Defendants, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support the specific personal jurisdiction.  *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

    d.   Plaintiff brought claims under Texas Business and Commerce Code Chapter 301. Under Texas law, venue is proper in the county where the phone call(s) were received when a claim is brought under TBCC Chapter 301.  TBCC § 301.105(2).

6.     Venue is proper under 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Western District of Texas, when he received a substantial, if not every single, phone call from Defendants, which is the subject matter of this lawsuit.

**THE TELEPHONE CONSUMER PROTECTION ACT**

**OF 1991, 47 U.S.C. § 227**

7.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*.  Congress found that these calls

were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8.  The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9.  The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes. 47 U.S.C. § 227(b)(1)(B).

10.  The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11.  Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

12.  The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13.  The FCC recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

14.  The FCC requires "prior express consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the

consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

15.    *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

16.    The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

17.    Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

18.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D.

Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## TEXAS BUSINESS AND COMMERCE CODE CHAPTER 301

19.     A telephone solicitor may not make a consumer telephone call to a consumer unless the telephone solicitor makes the call after 12 noon or before 9 p.m. on a Sunday or after 9 a.m. and before 9 p.m. on a weekday or a Saturday. TBCC § 301.051(b)(2).

20.     A person who knowingly violates this chapter is liable for a civil penalty of not more than $10,000 for each violation. TBCC § 301.103(a).

21.     A consumer injured by a violation of this chapter may bring an action for recovery of damages. TBCC § 301.104.

22.     Venue for an action brought under this chapter is in the county in which the consumer telephone call was received. TBCC § 301.105(2).

## TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302

23.     The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the state of Texas or to residents located in the state of Texas.

24.     "' Telephone solicitation' means a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item." Tex. Bus. & Com. Code § 302.001(7).

25.     An "item" is defined as a property or service." Tex. Bus. & Com. Code § 302.001(1).

26.     "A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation." Tex. Bus. & Com. Code § 302.002.

27.     A "seller" is defined as "A person who makes a telephone solicitation on the person's on behalf." Tex. Bus. & Com. Code §302.001(5).

28.     A "salesperson" is defined as "A person who is employed or authorized by a seller to make a telephone solicitation." Tex. Bus. & Com. Code §302.001(4).

29.     Federal common law principles of agency apply to TBCC violations…and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller.  *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-cv-235, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023); *see also Callier v. Tip Top Cap. Inc.*, No. EP-23-cv-437, 2024 WL 1637535, at *3 (W.D. Tex. Apr. 16, 2024) (holding that a seller violates § 302.101 when a telemarketer makes calls on behalf of a seller who does not hold a registration certificate); *Forteza v. Pelican Inv. Holdings Grp., LLC*, No. 23-cv-401, 2023 WL 9199001, at *6 (E.D. Tex. Dec. 27, 2023) (same); *Salaiz v. Beyond Fin., LLC*, No. EP-23-cv-6, 2023 WL 6053742, at *5 (W.D. Tex. Sept. 18, 2023) (refusing to dismiss a § 302.101 claim because "Plaintiff has plausibly alleged that Defendant effected or attempted to effect the thirteen calls Plaintiff received by hiring telemarketers to make those calls.").

30.     The Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees.

31.     Texas Business and Commerce Code § 302.101 provides a private right of action.  A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302."  Tex. Bus. & Com. Code § 302.303.

32.    The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish."  Tex. Bus. & Com. Code § 17.50.

### TEXAS BUSINESS AND COMMERCE CODE § 305.053

33.    A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

34.    A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1-2).

35.    The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

### FACTUAL ALLEGATIONS

36.    Plaintiff personally successfully registered his phone number ending in 4604 on the National Do-Not-Call Registry ("DNC") in December 2007.

37.    Plaintiff was registered on the National DNC at all times relevant to this Complaint.

38.    Defendant offers male sexual enhancement products via text message marketing.

39.    Every call in this Complaint is a solicitation offering sexual enhancements.

40.    Plaintiff has never been a customer of Defendant and did not give Defendant his phone number.

41.    Defendants had no reason to have Plaintiff's phone number in their system.

42.    Plaintiff did not have a pre-existing business relationship with Defendants.

43.    Plaintiff received at least seven (7) unauthorized solicitation texts to his personal cell phone ending in 4604.

44.    On September 15, 2025, at 8:51 AM, Plaintiff received a solicitation text message from short text code 23191.



45.    The September 15, 2025, text message was received prior to 9 AM local time.

46.    The September 15 text message included a link that, when clicked, directed Plaintiff to Defendant's website at https://www.viagris.com.

47.    The terms and conditions on Defendant's website state, "This website is operated by VELOTAL, LLC. Throughout the site, the terms' we', 'us, and 'our' refer to BIOTIGEN, LLC. BIOTIGEN, LLC offers this website, including all information, tools, and services available from this site to you, the user, conditioned upon your acceptance of all terms, conditions, policies, and notices stated here."

48.    Plaintiff received additional solicitation text messages from Defendant on September 22, 2025, at 3:10 PM, December 22, 2025, at 1:31 PM, a second text on December 22, 2025, at 1:31

8

PM, and December 23, 2025, at 12:15 PM, a picture text on December 26, 2025, at 3:01 PM, and a regular solicitation text on December 26, 2025, at 3:01 PM.

49. Each of the text messages received from Defendant contained the same clickable link that directed Plaintiff to Defendant's website.

50. Through information and belief, the texts were sent via automated means because:

    a. The texts were sent from a short code text number.

        1. Short codes are a form of text messaging that allows businesses to send bulk messages to multiple recipients quickly and efficiently.

    b. The text messages included "ReplySTOP2end" which is indicative of ATDS texting.

    c. Defendant had no reason to have Plaintiff's phone number in their system. Random generation of Plaintiff's phone number explains how Defendant obtained Plaintiff's phone number.

    d. None of the text messages were personalized to Plaintiff. All were generic in nature and could have been received by any person.

51. The ATDS text messages were knowing and willful because:

    a. Defendants purposefully purchased equipment and software capable of sending automated text messages;

    b. Defendants took willful steps to train personnel on the use of the equipment used to send the text messages;

    c. Defendants instructed their personnel to record automated messages and to disseminate the text messages to unsuspecting consumers.

52.     Defendants placed multiple unauthorized phone calls to Plaintiff within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC registry since 2007, which violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

53.     On December 25, 2025, Plaintiff searched the Texas Secretary of State website at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp and found no telephone solicitation registration for Defendant.

54.     Defendant has never been registered to telephone solicit in Texas or to Texas residents.

55.     Each text message alleged herein was made without a valid Texas telephone solicitation registration.

56.     Every call was made without maintaining an internal do-not-call policy or training their agents/employees on the use of an internal do-not-call policy.

57.     Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

58.     No emergency necessitated the calls.

## TEXAS BUSINESS AND COMMERCE CODE § 302.101 VIOLATIONS

59.     Plaintiff was located in Texas at all times during the calls at issue.

60.     Plaintiff has been a resident of El Paso, Texas, since June 2003 and maintains a Texas area code (915) telephone number.

61.     Each call in this case was to a Texas area code telephone number.

62.     On December 25, 2025, Plaintiff searched for a telephone solicitation registration for Defendants at https://direct.sos.state.tx.us/telephone/telephoneSearch.asp.

63.     Defendant does not qualify for an exemption to the Texas telephone solicitation requirement.

64. Defendant is not a publicly traded company.

65. Plaintiff searched: initial registration, bond canceled, pending, renewal registration, closed, and suspended registration. Plaintiff did not find any registration for Defendants.

66. Defendant has never been registered to telephone solicit from Texas or into Texas.

### INJURY, HARM, AND DAMAGES AS A RESULT OF THE CALLS

67. Defendant's texts harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

68. Defendant's texts harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

69. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

70. Plaintiff has been harmed, injured, and damaged by the calls, including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of my cell phone.

71. Plaintiff incurred increased electric bills as a result of more frequent charging of his cell phone related to the unauthorized phone calls.

### PLAINTIFF'S CELL PHONE IS A PERSONAL RESIDENTIAL NUMBER

72. The calls were to Plaintiff's personal cell phone ending in 4604, which he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 18 years, and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation, sending and receiving emails, timing food while cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for it with his personal accounts, and the phone is not primarily used for any business purpose.

## COUNT ONE:

## (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)

73.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-72.

74.    Defendant called Plaintiff's private residential telephone number, which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

75.    Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the telephone calls described above, in the amount of $500.00 per call.

76.    Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful or knowing violation.

77.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks $500 in statutory damages, or $1,500.00 if trebled, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

## COUNT TWO:
## (Non-Emergency ATDS Texts to Cellular Telephones, 47 U.S.C. 227(b)(1)(A)(iii))

78.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-77.

79.    The foregoing acts and omissions of Defendant and/or their affiliates or agent constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making non-emergency telemarketing ATDS texts to Plaintiff's cellular telephone numbers without his prior express written consent.

80.    Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C § 227(b)(3)(B)

12

by Defendant by the telephone calls described above, in the amount of $500.00 per call.

81.     Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damages amount as permitted under U.S.C. § 227(b)(3)(C) for this willful or knowing violation.

**COUNT THREE:**
**Violations of Texas Business Commerce Code 302.101**
**(Failure to Obtain a Telephone Solicitation Registration Certificate)**

82.     Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-81.

83.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making seven (7) non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

84.     Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. Texas Business and Commerce Code 302.302(a).

85.     Plaintiff is entitled to an award of all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees.  Texas Business and Commerce Code 302.302(d).

**COUNT FOUR:**
**Violations of Texas Business and Commerce Code § 301.051(b)(2)**

86.     Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-85.

87.     Defendant called Plaintiff's private residential telephone number before 9 AM local time, which violated Texas Business and Commerce Code § 301.051(b)(2).

88.     A person who knowingly violates this chapter is liable for a civil penalty of not more than

$10,000 for each violation. TBCC § 301.103(a).

89. A consumer injured by a violation of this chapter may bring an action for recovery of damages. TBCC § 301.104.

90. Venue for an action brought under this chapter is in the county in which the consumer telephone call was received. TBCC § 301.105(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against Defendant as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C. An award of $1,500 per call in statutory damages arising from the TCPA 47 U.S.C. 227(b) intentional violations for seven (7) calls;

D. An award of $500 per call in statutory damages arising from the TCPA 47 U.S.C. 227(c) intentional violations for seven (7) calls;

E. An award of $5,000 per phone call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 302.101 for seven (7) calls;

F. An award of $10,000 per phone call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 301.051(b)(2) for one (1) call;

G. An award to Plaintiff of damages, as allowed by law under the TCPA;

H. An award to Plaintiff of damages, as allowed by law under the TBCC;

I. An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law and equity.

14

J.      Such further relief as the Court deems necessary, just, and proper.


Dated: December 29, 2025,                    Respectfully submitted,

                                             /s/ Brandon Callier

                                             _____

                                             Brandon Callier
                                             Plaintiff, Pro Se
                                             1490 A George Dieter Drive
                                             #174
                                             El Paso, TX 79936
                                             915-383-4604
                                             Callier74@gmail.com

15